IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20974
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFREDO PAYAN JORI, also known as José Valoi,
also known as Raul Caicedo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-67-10
--------------------

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Alfredo Payan Jori, also known as José Raul Valoi, ("Valoi")
appeals from his sentence following his guilty-plea conviction of
violations of 21 U.S.C. § 846 and § 841(a)(1). He argues that
the district court violated Fed. R. Crim. P. 32(c)(1) by failing
to resolve the controversy over whether he possessed a gun during
the commission of the crime to which he pleaded. This contention
lacks merit, as the district court resolved this controversy when

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

it adopted the presentence report.  The district court did not err in adopting the report.  See United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990).  Further, this issue was properly raised by Valoi for the first time in this appeal.  See United States v. Manotas-Mejia, 824 F.2d 360, 368 (5th Cir 1987).

Valoi also argues that the district court erred by applying a two-level enhancement to his sentence pursuant to U.S.S.G. § 2D1.1(b)(1).  Because the gun and the drugs were both found in the townhome, their connection to the crime was not clearly improbable.  See United States v. Mitchell, 31 F.3d 271, 278 (5th Cir. 1994); § 2D1.1, comment. (n.3).  The district court did not err in applying the enhancement.

AFFIRMED.